EASTERN CREDIT ASSOCIATION, INC.,
Assignee of First National Realty
Corporation, Appellant,

v.

John L. PATTERSON and Lelia A. Patterson,
Appellees.

No. 2967.

Municipal Court of Appeals for the
District of Columbia.

Argued April 23, 1962.

Decided June 14, 1962.

Paul H. Mannes, Washington, D. C., with whom William A. Mann, Washington, D. C.,

was on the brief, for appellant. Sheldon E. Bernstein, Washington, D. C., also entered an appearance for appellant.

John L. Patterson entered an appearance pro se, but filed no brief.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

PER CURIAM.

Appellant brought this suit to recover a deficiency on a promissory note secured by a second deed of trust after a sale of the security by the trustees, pursuant to powers contained in the deed of trust. At trial, appellee John Patterson appeared in proper person, and at the conclusion of the evidence the trial judge found that the amount realized on foreclosure was so inadequate as to shock the conscience of the court and denied any recovery. This appeal followed.

The statement of proceedings and evidence indicates that the amount realized on foreclosure, $500 over the first deed of trust of $7,595.84, when applied to the second deed of trust left a deficiency balance of $5,767.-24,[1] including proper charges. However, there was no evidence of an appraised or actual value of the premises. Nor was there any justifiable basis for the inference that the current value of the premises was commensurate with the total purchase price of $16,000 paid by appellees. Hence the finding of the trial court was without evidence to support it and the judgment is therefore reversed. In the retrial of this matter, it is suggested that if appellees are unable to obtain counsel, they consult with the Legal Aid Bureau to insure the proper presentation of their defense.

Reversed with instructions to grant a new trial.

1. Appellant waived the amount claimed in excess of $3,000 in order to bring it within the jurisdiction of the Municipal Court.